JOHNSONVILLE SAUSAGE, INC., Petitioner-Appellant,

v.

Wisconsin DEPARTMENT OF REVENUE, Respondent.

Court of Appeals

*No. 82–2422. Submitted on briefs February 10, 1983.—Decided April 11, 1983.*
(Also reported in 334 N.W.2d 269.)

For the petitioner-appellant the cause was submitted on the brief of *James N. Phillips* and *Godfrey & Kahn, S.C.*, of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *John C. Murphy,* assistant attorney general.

Before Gartzke, P.J., Dykman, J. and W. L. Jackman, Reserve Judge.

PER CURIAM. Johnsonville Sausage appeals from the judgment dismissing its petition for review in the circuit court. We hold that the circuit court lacked jurisdiction because the petition was not timely served. We therefore dismiss the appeal to this court.

The facts are undisputed. On August 17, 1982, the Wisconsin Tax Appeals Commission mailed its decision to appellant. On September 17, 1982, appellant delivered a copy of its petition for review to the clerk of the commission.[1] The issue is whether the petition was timely served on the commission. Chapter 227, Stats., applies. Section 73.015(2), Stats.

Sec. 227. 16(1)(a), Stats., provides in relevant part:

Proceedings for review shall be instituted by serving a

---

[1] Appellant filed the original petition with the circuit court on September 16, 1982.

petition therefor personally or by certified mail upon the agency or one of its officials, and filing the petition in the office of the clerk of the circuit court for the county where the judicial review proceedings are to be held. Unless a rehearing is requested under s. 227.12, petitions for review under this paragraph shall be served and filed within 30 days after the service of the decision of the agency upon all parties under s. 227.11. . . . The 30-day period for serving and filing a petition under this paragraph commences on the day after personal service or mailing of the decision by the agency.[2]

To establish subject matter jurisdiction in the circuit court, strict compliance with sec. 227.16(1), Stats., is required. *Sunnyview Village, Inc. v. Department of Administration*, 104 Wis. 2d 396, 399, 311 N.W.2d 632, 634 (1981); *Cudahy v. Department of Revenue*, 66 Wis. 2d 253, 259–62, 224 N.W.2d 570, 572–74 (1974). Timely service on the commission is indispensable to trigger judicial review of the commission's decision. *Brachtl v. Department of Revenue*, 48 Wis. 2d 184, 187, 179 N.W. 2d 921, 922 (1970).

Section 227.16(1)(a), Stats., requires service of the petition for review within thirty days of service of the commission's decision.[3] Appellant served its petition on the commission thirty-one days after service of the commission decision. Appellant contends that the commission was timely served because of the provisions of sec. 227.16(1)(a), when read with sec. 990.001(4)(a), Stats.

Sec. 990.001(4)(a), Stats., provides:

The time within which an act is to be done or proceeding had or taken shall be computed by excluding the first day and including the last; and when any such time is

---

[2] No rehearing was requested.

[3] Sec. 801.15(5), Stats., allowing an extra three days where service is by mail, does not apply to appeals from administrative proceedings to the circuit court. *Ryan v. Department of Revenue*, 68 Wis. 2d 467, 469 n. 1, 228 N.W.2d 357, 358 (1975).

expressed in hours the whole of Sunday and of any legal holiday, from midnight to midnight, shall be excluded.

Appellant argues that sec. 227.16 (1) (a), Stats., and sec. 990.001 (4) (a), Stats., when read together, authorize an extra day to serve the commission. Appellant notes that *In re Proposed Incorporation of City of Pewaukee v. Bureau of Local & Regional Planning,* 72 Wis. 2d 593, 598, 241 N.W.2d 603, 606 (1976), held that the thirty-day period to serve a petition for review ran from the date the decision was mailed to the party, not the date the party received the decision. Because sec. 990.001 (4) (a) provides that "[t]he time within which an act is to be done . . . shall be computed by excluding the first day and including the last," the *Pewaukee* court excluded the date of mailing and included the last day when counting the thirty days. *Id.*

Appellant next notes that sec. 6, Ch. 208, Laws of 1979, amended sec. 227.16 (1) (a), Stats., by adding the sentence: "The 30-day period for service and filing a petition under this paragraph commences on the day after personal service or mailing of the decision by the agency." Because *Pewaukee* held that the thirty-day period commenced on the date the decision was served, and because the amendment in 1980 provides that the thirty-day period commences on the day after service, the appellant concludes that the amendment added an extra day to the thirty-day period.

Thus, appellant argues that the thirty-day period began to run August 18, 1982. Relying on sec. 990.001 (4) (a), Stats., appellant maintains that the first day of the thirty-day period, August 18, is not counted, August 19 is the first day counted, and therefore the last day to serve the commission was September 17, 1982. In effect, appellant contends that it should receive an extra day under sec. 227.16 (1) (a), and an extra day under sec.

990.001(4)(a), for a total of two extra days.

Appellant contorts the statutes. The 1980 amendment to sec. 227.16(1)(a), Stats., was intended to clarify the date the thirty-day period begins. The Legislative Reference Bureau's note to the revision of sec. 227.16(1)(a) states:

Language has been added to paragraph (a) to make clear to those contemplating seeking judicial review under chapter 227 that the 30-day period for commencing such review begins on the day after personal delivery or mailing by the agency of its decision. Some persons in the past have erroneously assumed that the 30-day period started to run upon actual receipt of the mailed decision of the agency.

Although sec. 227.16(1)(a) now provides that the thirty-day period commences the day after service of the decision, the legislature did not intend to change the effect of sec. 990.001(4)(a), Stats. The legislature added sec. 990.001(4)(a) to sec. 227.16(1)(a). The appellant cannot have the benefit of both statutes because sec. 990.001(4)(a) does not apply where "construction in accordance with a rule would produce a result inconsistent with the manifest intent of the legislature." Sec. 990.001 (preface), Stats.

Because we determine that the petition was served late, the circuit court lacked jurisdiction and the appeal must be dismissed. *Kohnke v. ILHR Department,* 52 Wis. 2d 687, 690–91, 191 N.W.2d 1, 2–3 (1971). Because the circuit court lacked jurisdiction, we lack jurisdiction. *In re Termination of Ryde,* 76 Wis. 2d 558, 564, 251 N.W.2d 791, 793–94 (1977). The department's motion for summary affirmance of the appeal is dismissed as moot.

*By the Court.*—Appeal dismissed.