YMCA OF BELOIT, YWCA of Greater Milwaukee, YWCA of Greater Milwaukee d/b/a YWCA Cafeteria, YWCA of La Crosse, YMCA of Metropolitan Milwaukee, Inc., YMCA (Madison), YMCA of Waukesha, Sheboygan YMCA, Family YMCA of Northern Rock County, Inc., YMCA of La Crosse, Wisconsin, YMCA (Racine), YMCA of Manitowoc, Wisconsin, Inc., Family YMCA (Appleton), YMCA, INC. (Green Bay) and YMCA (Eau Claire), Petitioners-Appellants,

v.

DEPARTMENT OF REVENUE, Respondent.†

Court of Appeals

*No. 86–1738. Submitted on briefs September 18, 1987.—
Decided October 15, 1987.*

(Also reported in 417 N.W.2d 39.)

† Petition to review denied.

For the petitioners-appellants the cause was submitted on the briefs of *Daniel J. Minahan, Peter J. Ruud* and *Dean M. Werner,* and *Davis & Kuelthau, S.C.,* of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Burneatta L. Bridge,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. The appellants are Wisconsin YMCAs and YWCAs. They appeal an order dismissing their petition for review of a February 27, 1986 decision and order of the Wisconsin Tax Appeals Commission which sustained the department of revenue's determination that the appellants are retailers under sec. 77.51(7), Stats. (1983–84), some of whose

transactions are subject to sales and use taxes. Appellants' petition for review was timely filed and served on the department as required by sec. 227.16(1)(a), Stats.,[1] but was not served on the commission until thirty-four days after the commission's decision and order was mailed. The trial court dismissed the petition because the appellants' failure to timely serve the commission deprived it of jurisdiction or competency.[2]

The appellants claim: (1) The decision and order of the commission was not a final and complete decision which began the running of the statute limiting their time to petition for review. (2) The decision and order was invalid because of the composition of the decisionmaker. (3) Section 227.16(1), Stats., does not apply to constitutional claims which the commission was not competent to decide. We conclude that the commission's decision and order was a final decision within sec. 227.15 and that the appellants' petition for review of that decision and order was required to be filed and served as prescribed in sec. 227.16(1)(a). Because it was not, the appellants failed to properly invoke the jurisdiction of the trial court. Therefore we affirm.

## I.
## BACKGROUND OF THE CASE

Between November 5, 1980 and March 29, 1983 the state department of revenue assessed sales taxes

[1]References to ch. 227, Stats., and the provisions thereof are to the 1983–84, Stats.

[2]The appellants concede that their petition was not served on the commission within thirty days after the mailing of the decision, as required by sec. 227.16(1)(a), Stats. Timely service on the agency is necessary to obtain judicial review of the agency's decision. *Johnsonville Sausage v. Revenue Dept.,* 113 Wis. 2d 7, 9, 334 N.W.2d 269, 270 (Ct. App. 1983).

against the appellants for tax years between 1970 and 1981 in connection with a number of their programs and activities. The appellants appealed to the commission when the department denied in whole or in part their requests for redetermination. The appellants claim that their programs and activities are nonmercantile and exempt from sales tax under *Kollasch v. Adamany,* 104 Wis. 2d 552, 313 N.W.2d 47 (1981). They also claim that the assessed activities are nontaxable services and that they are exempt from sales tax on equal protection grounds.

The appellants' appeals to the commission were consolidated and were heard by Commissioner Smith on January 24 and 25, 1985. It is undisputed that Smith left the commission in October, 1985 and did not participate in the commission's decision and order. The commission affirmed the department's denial of the appellants' requests for redetermination. The appellants filed a joint petition for review of the commission's decision and order with the circuit court and served the department in a timely manner. The commission was served on April 2, 1986.

## II.
## WAS THE COMMISSION'S DECISION AND ORDER A FINAL DECISION UNDER SECTION 227.15 AND 227.16, STATS?

The appellants claim that the decision and order of the commission was not a final and complete decision within sec. 227.15, Stats., which would trigger the thirty-day appeal period under sec. 227.16(1)(a). The appellants' claim requires that we construe ch. 227. The construction of ch. 227 in relation to a given set of facts is a question of law. *See Waste Management of Wisconsin v. DNR,* 128 Wis. 2d 59, 81, 381 N.W.2d

318, 328 (1986). We review the trial court's conclusion that it lacked jurisdiction without deference to its decision. *Id.*

Section 227.15, Stats., provides that "[a]dministrative decisions which adversely affect the substantial interests of any person, whether by action or inaction, whether affirmative or negative in form, are subject to review as provided in this chapter ...." We conclude that the commission's decision and order of February 27, 1986 was a "decision" within this section.

■

Certainly, in style and form the February 27, 1986 action of the commission was a decision. It is labeled "Decision and Order." In it the commission made findings of fact, thirty-four in number, determined the questions presented, the applicable law and made conclusions of law, six in number. The commission determined:

> Therefore,
> IT IS ORDERED That respondent's [department's] actions denying the petitions for redetermination filed by petitioners are modified in accordance with the foregoing findings and conclusions, and as modified, are affirmed.

The decision and order is dated and signed by the chairperson and three commissioners.

However, it is not the form of the order nor the label put on it by the agency which determines its reviewability. *Waste Management,* 128 Wis. 2d at 88, 381 N.W.2d at 331, quoting *Pasch v. Department of Revenue,* 58 Wis. 2d 346, 356, 206 N.W.2d 157, 162 (1973). Section 227.15, Stats., provides for judicial review of agency actions which are final, "in the sense

that they determine the further legal rights of the person seeking review." *Waste Management* at 90, 381 N.W.2d at 332. The appellants do not claim that their substantial interests are not adversely affected and determined by the decision and order. Their claim is that the commission failed to address issues which affected their substantial interests, including: taxation of summer camp meals, taxation of fund raisers, taxation of "fun day" proceeds and taxation of fees for lessons. They also assert that a method of sampling used by the department in calculating an assessment was arbitrary.

The commission's failure to address claims made by the appellants may have been grounds upon which the trial court could have set aside the commission's decision and remanded for appropriate proceedings. Sec. 227.20(4), Stats.[3] However, that fact does not prevent its determination of the issues addressed from being a decision under secs. 227.15 and 227.16. The commission's order and decision of February 27, 1986 satisfies the requirements of an agency decision as stated in *Wis. Environmental Decade v. Public Service Comm.*, 93 Wis. 2d 650, 659a, 287 N.W.2d 737, 741 (1980)—it is supported by a record and based on findings of fact and conclusions of law—and of *Waste Management,* 128 Wis. 2d at 90, 381 N.W.2d at 332, in that it is final in the sense that the further legal rights of the appellants are determined.

---

[3]Section 227.20(4), Stats., provides:

The court shall remand the case to the agency for further action if it finds that either the fairness of the proceedings or the correctness of the action has been impaired by a material error in procedure or a failure to follow prescribed procedure.

We agree with the trial court that the commission's decision and order was final and began the running of the thirty-day period in which appellants could petition the trial court for review. The cases relied upon by the appellants involve premature appeals and are inapposite.

## III.
## WAS THE TRIAL COURT COMPETENT TO CONSIDER APPELLANT'S UNTIMELY CLAIMS?

The appellants attack the composition of the commission which decided its petition. They also allege that the Wisconsin sales tax denies them the equal protection of the laws contrary to the state and federal constitutions. They do not explain how the trial court got jurisdiction (or acquired competency)[4] to review their constitutional claim based on the commission's procedural irregularity. As to their equal protection argument, they contend that since the commission did not, and could not, determine the constitutionality of the sales tax law, sec. 227.16(1), Stats., did not apply and the trial court should have reviewed their claim.

(a) *Composition of the Decisionmaking Body.* The appellants claim that the commission violated sec. 73.01(4)(b), Stats., because it found facts without participation of the commissioner who conducted the hearing, and because several of the commissioners who had not yet been appointed signed the decision. The appellants recognize that violations of the statute, if they are such, are procedural. Procedural errors are

---

[4]*See Mueller v. Brunn,* 105 Wis. 2d 171, 176, 313 N.W.2d 790, 792 (1982) (circuit court may lack competency to entertain an action but "[n]o circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever").

subject to judicial review and correction under sec. 227.20(4), Stats. If untimeliness of a petition for review could be excused because of an agency error which the petition may reach, the requirement of timeliness would be nullified. Judicial review under ch. 227 would be chaotic.

The appellants further claim that without the participation of the hearing officer they were deprived of their due process right to the benefit of "demeanor evidence." *Falke v. Industrial Comm.,* 17 Wis. 2d 289, 295, 116 N.W.2d 125, 128 (1962). Section 227.20(4), Stats., is broad enough to permit judicial review of constitutional claims involving procedural aspects of the proceedings. A constitutional due process issue as to the procedural aspects of the hearing or decision-making process can be considered by the trial court in the statutorily prescribed judicial review of the agency's proceedings. *See Master Disposal v. Vil. of Menomonee Falls,* 60 Wis. 2d 653, 659, 211 N.W.2d 477, 480 (1973) (failure of procedural due process is reviewable by trial court on statutory certiorari). However, invoking the court's jurisdiction to review an agency's decision by petition for review is "entirely statutory," *Pasch,* 58 Wis. 2d at 353, 206 N.W.2d at 160, quoting *Wisconsin Tel. Co. v. Wisconsin E. R. Board,* 253 Wis. 584, 589, 34 N.W.2d 844, 846 (1948), and "[f]ailure to comply is fatal; it requires dismissal for lack of subject matter jurisdiction." *Kegonsa Jt. Sanit. Dist. v. City of Stoughton,* 87 Wis. 2d 131, 150, 274 N.W.2d 598, 607 (1979). The appellants' failure to timely file their petition precluded the trial court from addressing their claim that the order and decision is invalid because of the composition of the decisionmaking body.

(b) *Denial of Equal Protection.* The appellants claim that the sales tax law, as applied, denies them the equal protection of the laws as guaranteed by the state and federal constitutions. They argue that the trial court can consider their constitutional claim because the commission did not, and could not, consider the claim. They contend that the thirty-day limitation period applies only to its claims which are reviewable by the commission.

The appellants argue that the "procedural technicalities" of ch. 227, Stats., are immaterial when a constitutional claim is asserted. They contend that constitutional issues are so significant that judicial review should be barred only in extreme situations, if ever. *Wendlandt v. Industrial Comm.,* 256 Wis. 62, 66–67, 39 N.W.2d 854, 856 (1949). However, *Wendlandt* did not involve an untimely appeal or petition for review. The failure which the court excused in *Wendlandt* was failure to make the constitutional challenge in the trial court. The rule that ordinarily an appellate court will not consider an issue raised for the first time on appeal is "one of administration and not of power," *Gebhardt Bros., Inc. v. Brimmel,* 31 Wis. 2d 581, 583, 143 N.W.2d 479, 480 (1966); failure to timely file a petition for review has, however, been held to deprive the appellate court as well as the trial court of jurisdiction. *Johnsonville Sausage v. Revenue Dept.,* 113 Wis. 2d 7, 11, 334 N.W.2d 269, 271–72 (Ct. App. 1983).

The appellants further argue that the trial court has concurrent jurisdiction with the commission to hear and determine all questions of law and fact arising under the tax laws, *Sawejka v. Morgan,* 56 Wis. 2d 70, 78, 201 N.W.2d 528, 532 (1972), and because a constitutional issue not reviewable by the

915

commission was already before the trial court, the court should have exercised jurisdiction over the entire case. After *Sawejka* was decided, the legislature amended sec. 73.01(4)(a), Stats. (1975), to provide that the commission shall be the final authority for the hearing and determination of all questions of law and fact arising under sec. 77.59(6)(b), Stats. Sec. 815, ch. 29, Laws of 1977. Therefore, appellants' argument that the trial court has concurrent jurisdiction with the commission to hear and decide all questions of law and fact arising under the state's tax laws no longer has merit. *See Jackson County Iron Co. v. Musolf,* 134 Wis. 2d 95, 107, 396 N.W.2d 323, 328 (1986) (under the new language, commission has exclusive initial jurisdiction over all questions of law and fact arising under sec. 70.94(3), Stats.).

The appellants claim, however, that ch. 227, Stats., does not provide the exclusive method of review where a party challenges the constitutionality of a statute. The department contends that *State ex rel. 1st Nat. Bank v. M&I Peoples Bk.,* 82 Wis. 2d 529, 544, 263 N.W.2d 196, 203 (1978), holds that ch. 227 provides the exclusive method of review of such questions. We do not read *1st Nat. Bank* to extend the exclusive scope of ch. 227 any farther than to a constitutional challenge to the administrative agency's action and the statute authorizing or requiring such action. The appellants do not challenge the tax commission's action on constitutional grounds—they challenge a tax statute on equal protection grounds. We need not decide whether ch. 227 provides the exclusive remedy to determine such a question since the appellants have not sought to invoke the jurisdiction of the trial court by some other remedy, such as declaratory relief or injunction. They seek review of the commission's

916

decision and order under sec. 227.16(1)(a). To invoke the jurisdiction of the trial court under this section they must timely file a petition for review. They did not do so.

Finally, the appellants rely on *County of Sauk v. Trager,* 118 Wis. 2d 204, 346 N.W.2d 756 (1984). *Trager* held that defendant's failure to seek judicial review of an adverse determination of the board of adjustments did not preclude him, in an enforcement action against him, from asserting the invalidity of the board's decision. *Id.* at 215, 346 N.W.2d at 761. *Trager* is inapposite because the appellants are not defending a tax collection or enforcement action but seek to review a decision of an administrative agency by a ch. 227, Stats., petition for review. Judicial alchemy cannot change the appellants' petition for review into that which it is not.

*By the Court.*—Order affirmed.