STATE of Wisconsin, Plaintiff-Respondent,

v.

OZGA ENTERPRISES, INC., Defendant-Appellant.

STATE of Wisconsin, Plaintiff-Respondent,

v.

OZGA ENTERPRISES, INC., Defendant-Third Party Plaintiff-Appellant.

Court of Appeals

*Nos. 89–2365, 89–2366. Oral argument October 18, 1990.—Decided January 31, 1991.*

(Also reported in 467 N.W.2d 134.)

783

For the defendant-third party plaintiff-appellant the cause was submitted on the briefs of *William F. Mundt, Gordon B. Baldwin,* and *Thomas A. Sutton* of *Murphy & Desmond, S.C.* of Madison and orally argued by *Gordon Baldwin.*

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Steven B. Wickland,* assistant attorney general, and orally argued by *Steven B. Wickland.*

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

SUNDBY, J.   In these actions for injunctive relief, the Department of Natural Resources claims the right to deferential review of its determination of flood elevations developed solely for the purposes of trial and without following prescribed administrative procedures.[1] We conclude that the department, having chosen to litigate in the judicial arena, is bound by the rules which apply to judicial proceedings. We therefore reverse the judgment in case No. 88–CV–40 [appeal No. 89–2366] and remand the cause to the trial court to enter judgment implementing the parties' stipulation according to the flood elevations determined by the jury. We remand the cause in case No. 86–CV–247 [appeal No. 89–2365] for further proceedings.

In 86–CV–247, the department sought injunctive and forfeiture relief against Ozga Enterprises, Inc., for violations of ch. 31, Stats., relating to the construction of

---

[1]These actions are brought by the state to enforce statutes administered by the department. In this opinion, we treat the department as the interested agency.

additions to the Briggsville dam and construction of an adjacent residential structure. In 88–CV–40, the department sought an injunction under Wis. Adm. Code secs. NR 116.22(4)(b) and NR 116.22(4)(c) to restrain Ozga from constructing the residential structure in the floodplain of Lake Mason and the south branch of Neenah Creek, adjacent to the dam. Ozga filed a third-party complaint to require the Town of Douglas to bring the dam into compliance with state law. The actions were consolidated for trial and the appeals have been consolidated.

Following a day of jury trial and a day of negotiations, the department, the town and Ozga stipulated to a basis for settling the dispute as to Ozga's construction in the floodplain. The parties agreed that Ozga's engineer would calculate the one-hundred-year flood elevations above and below the dam. If the parties disagreed as to the elevations, Ozga was entitled to a fact-finding hearing by the court or jury. When the flood elevations were determined, the stipulation would be implemented by Ozga, the town and the department.[2]

---

[2]The stipulation provided:

1. The Town of Douglas ("the Town") shall, within the calendar year 1993 and/or by January 1, 1994, modify the existing dam at Briggsville, Wisconsin, in accordance with Department of Natural Resources ("DNR" or "the Department") inspection and directions, following the requirements of Wis. Admin. Code ch. NR 333.

2. The Town will, by contract with a private contractor, raise and/or lower the level of Nebraska Street as it traverses the existing dam and rip rap, in accordance with DNR data and/or by direction of the court, the improvement to be paid by the defendant, Ozga Enterprises, Inc., within sixty days of the completion date of the work.

3. The defendant, Ozga Enterprises, Inc., by its engineers, shall, by February 1, 1989, calculate one hundred year flood elevations above and below the Briggsville Dam for failure and nonfailure occurrences, together with a technical report and submit the same to

The stipulation was adopted as the order of the court. When the department and Ozga were unable to agree, the issue as to the correct one-hundred-year flood elevations was tried to a jury. The following special verdict was submitted to the jury and the jury answered the verdict questions as follows:

QUESTION NO. 1:

THE DEPARTMENT OF NATURAL RESOURCES HAS DETERMINED THE FLOOD ELEVATION OF LAKE MASON TO BE 802.0 FEET ABOVE THE BRIGGSVILLE DAM AND 800.2 FEET BELOW THE BRIGGSVILLE DAM.

IS THIS DETERMINATION REASONABLE IN TERMS OF THE EVIDENCE PRESENTED AT TRIAL?
ANSWER YES OR NO:   NO.

---

the DNR by that date. DNR shall review such calculations and technical report within fifteen days of receipt and thereupon, within a second fifteen day period, both parties shall advise the court and counsel for the Town of Douglas of an agreement or disagreement.

*If the parties disagree, the defendant, Ozga Enterprises, Inc., is entitled to a fact finding hearing by the court or jury.* The court will set a status conference within fifteen days of receipt of notice from the parties, the conference to take place at Baraboo, Wisconsin.

4.   When flood elevations are agreed upon or determined by the court, fill shall be placed around the building one foot above the one hundred year flood elevation and there shall be a certification by a Registered Professional Engineer that the structure is protected from flooding to an elevation which is two feet above the one hundred year flood elevation, in accordance with Wis. Admin. Code sec. NR 116.16, the flood protection elevation not to exceed 802 feet, as determined previously by the state.

5.   Upon receipt by DNR of form PLB 89 for Marquette County, DNR will verify the information on the form, attach thereto a copy of this stipulation to the form PLB 89, sign it and forward it on to the Department of Industry, Labor and Human Relations for action. [Emphasis added.]

QUESTION NO. 2[:]

WHAT IS THE FLOOD ELEVATION OF LAKE MASON ABOVE THE BRIGGSVILLE DAM?
     ANSWER:   801.15 FEET.

QUESTION NO. 3[:]

WHAT IS THE FLOOD ELEVATION BELOW THE BRIGGSVILLE DAM?
     ANSWER[:]   796 FEET.

Ozga objected to question No. 1 and the department objected to Nos. 2 and 3. In response to the department's motion after verdict, the circuit court set aside the jury's verdict and reviewed the record under sec. 227.57(6), Stats. It concluded that there was substantial evidence to support the department's determination as to the flood elevations. The court inserted the flood elevations determined by the department in the stipulation and entered judgment implementing the stipulation.

The circuit court concluded that these cases were properly brought by the department under Wis. Adm. Code sec. NR 116.22(4). Ozga does not dispute this conclusion.[3] Ozga contends, however, that ch. 227, Stats.,

[3]We therefore do not decide whether the department's authority under sec. NR 116.22(4) to seek an injunction to stop construction in a floodplain area applies only when a floodplain zoning ordinance has been adopted or is in the process of preparation. Wisconsin Adm. Code sec. NR 116.22(4) provides in part:

  The department shall assist municipalities in achieving a consistent statewide approach to floodplain enforcement. This assistance may include, but is not limited to, the measures listed in this subsection.

  . . ..

  (b)   The department may seek an injunction to stop construction in the floodplain area until an adequate floodplain zoning ordinance is adopted and approved.

does not apply to these proceedings because there is no order or decision of the department reviewable under sec. 227.52. We agree.

The circuit court concluded that sec. 227.57(1), Stats., required that review of these proceedings be conducted by the court without a jury, and that the statute could not be modified by stipulation of the parties. The court confused judicial review of administrative decisions with enforcement actions.

Section 227.52, Stats., provides that "[a]dministrative decisions which adversely affect the substantial interests of any person . . . are subject to review as provided in this chapter . . .." Section 227.57(1) provides that "[t]he review shall be conducted by the court without a jury and shall be confined to the record . . .." The record is the record of the administrative proceedings in which the decision under review is made. Sec. 227.55.

To be reviewable under ch. 227, Stats., an agency decision must be supported by a record and based on findings of fact and conclusions of law and be final in the sense that further legal rights of the persons seeking review are determined. *YMCA of Beloit v. DOR,* 141 Wis. 2d 907, 912, 417 N.W.2d 39, 41–42 (Ct. App. 1987). The findings of fact and conclusions of law, of course, are those of the agency and not the court.

The department's determination as to the correct flood elevations, prepared for purposes of trial without administrative proceedings and which did not affect

---

(c) The department may seek an injunction to stop construction in the floodplain area when the construction would violate an approved floodplain zoning ordinance or the provisions of this chapter.

Ozga's further legal rights, was not an administrative decision reviewable under sec. 227.52, Stats. The circuit court therefore erred when it concluded that it was required to review the record and to defer to the department's determination of the flood elevations.

■

Our conclusion does not, however, end our review of the circuit court's decision. The court further concluded that it must set aside the verdict because the jury instructions were incorrect. The court instructed the jury that they were to answer question No. 1 "no" if the jury concluded that the department's determination of the flood elevations was not "reasonable in terms of the evidence presented at trial." The circuit court concluded that the test as to the flood elevation determination by the department was not one of reasonableness, as the court instructed, but rather one of substantial evidence. In these enforcement proceedings, the substantial evidence standard did not apply. Question No. 1 was superfluous. Any error as to question No. 1 was therefore harmless and the circuit court should have disregarded the error. Sec. 805.18(1), Stats.

The circuit court further concluded that it must set aside the verdict because questions 2 and 3 were beyond the jury's "authority." It concluded that the jury could not answer these questions because the answers were within the department's expertise. Again, we disagree. These were enforcement proceedings, not judicial proceedings to review the department's determinations under ch. 227, Stats.

■

Juries are routinely asked to decide questions which are beyond their capacity to answer without assistance. The purpose of expert testimony is to assist juries in deciding such questions. *See Secura Ins. Co. v. Wiscon-*

*sin Pub. Serv. Corp.,* 156 Wis. 2d 730, 734, 457 N.W.2d 549, 550 (Ct. App. 1990) (expert may testify as to matters about which trier of fact has insufficient personal knowledge to make inferences necessary to arrive at decision on ultimate issues in dispute). Here, the jury was assisted by expert testimony. The circuit court therefore erred when it decided that it must set aside the jury verdict because questions 2 and 3 of the special verdict were beyond the jury's authority or capacity to answer.

■ The department argues that, in any event, there is no credible evidence to sustain the jury's verdict. We disagree. The department's engineer testified that the above-dam one-hundred-year flood elevation is 802.0 feet and the below-dam elevation is 800.2 feet. Ozga's consulting engineer testified that the above-dam elevation is 800.5 feet and the below-dam elevation is between 791.6 feet and 796.6 to 797.1 feet. The jury found that the above-dam flood elevation is 801.15 feet and the below-dam flood elevation is 796 feet. The department apparently believes that the jury was required to select one of the expert's figures and could not select a figure in between those testified to by the experts. It is the duty of the trier of fact to determine the credibility of the witnesses and resolve the conflicting testimony. *James Madison Dev. Corp. v. State,* 48 Wis. 2d 629, 633, 180 N.W.2d 597, 599 (1970) (citing *Weeden v. Beloit,* 29 Wis. 2d 662, 666–67, 139 N.W.2d 616, 618 (1966)).

■ The jury's selection of a figure somewhere between the figures testified to by expert witnesses frequently arises in valuation cases, especially condemnation cases. The rule is well established that the finding of a jury as to valuation will not be disturbed on review where the

value arrived at is well within the range of values placed in evidence, and there is credible evidence to sustain the jury's finding. *Besnah v. City of Fond du Lac,* 35 Wis. 2d 755, 759, 151 N.W.2d 725, 727 (1967). We see no reason why the same principle should not apply to measurement evidence, where the data selected by one expert differs from that selected by another and either approach is credible. The department does not attack the credibility of Ozga's consultant nor the data or method he relied on to determine the flood elevations.

The department assumes that the jury selected an outdated determination of the below-dam flood elevation made by the state department of transportation, because that determination coincides with the jury's finding. This argument is speculative. The jury could as easily have reached its determination from the testimony of Ozga's consulting engineer. The jury could have considered Ozga's consulting engineer more credible than the department's engineer and found the above-dam and below-dam elevations to be as testified to by Ozga's engineer. Had the jury done so, the department would have had no basis to argue that the jury's verdict was not supported by credible evidence. The department's position is not strengthened by the fact that the jury selected figures in between those testified to by Ozga's consulting engineer and the department's engineer.

We therefore remand 88–CV–40 to the circuit court to implement the parties' stipulation according to the one-hundred-year flood elevations determined by the jury and to enter judgment pursuant to the stipulation.

Ozga claims that 86–CV–247 is moot because its proposed building can no longer be considered a part of the dam. However, in its order adopting the parties' stipulation, the court noted that the department informed the court and the parties that, by its stipula-

tion, the department did not waive the applicability of any statutes or regulations, including secs. 31.12 and 31.18, Stats., relating to plan approvals by the department. The department's complaint alleged that Ozga's partial construction of the residential structure without plan approval from the department constituted a continuing violation of sec. 31.12, Stats. That issue remains to be decided. If the department prevails, it may not recover a forfeiture of more than $250, as stipulated.

*By the Court.*—Judgment reversed and cause remanded in 89–2366 (88–CV–40) with directions to the trial court to enter judgment according to this opinion. Appeal No. 89–2365 (86–CV–247) is remanded for further proceedings consistent with this opinion.