Madison Metropolitan School District,
Petitioner-Appellant,

v.

Tony Evers, Superintendent of
Public Instruction, Respondent-Respondent,

S. W.-B., S. B., I. B., M. J., S. J. and K. R.,
Involuntary-Respondents.

Court of Appeals

*No. 2014AP394. Submitted on briefs August 18, 2014.
—Decided September 11, 2014.*

2014 WI App 109

(Also reported in 855 N.W.2d 458.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Matthew W. Bell,* Associate General Counsel of the *Madison Metropolitan School District, Madison.*

On behalf of the respondent-respondent, the cause was submitted on the brief of *Charlotte Gibson,* assistant attorney general, and *J.B. Van Hollen,* attorney general.

Before Lundsten, Higginbotham and Sherman, JJ.

¶ 1. LUNDSTEN, J. Madison Metropolitan School District appeals the circuit court's order dismissing the School District's petitions for review of four Department of Public Instruction (DPI) decisions. Applying WIS. STAT. § 990.001(4)(c),[1] a statute for computation of time periods, the circuit court concluded that the School District failed to timely serve the petitions on DPI.

¶ 2. WISCONSIN STAT. § 990.001(4)(c) provides that, if the last day to perform certain acts with respect to a government entity falls on a Saturday, and the entity has no duly established official office hours on that Saturday, the last day for service is extended to the next day that is not a Sunday or legal holiday. There is no dispute here that DPI had no official office hours on the pertinent Saturday.

¶ 3. The question we address is whether the Saturday extension rule in WIS. STAT. § 990.001(4)(c) applies to the listed acts, including service on a government entity, regardless whether the act is accomplished in person, by mail, or by some other means. Unlike the circuit court and DPI, we conclude that the statute plainly does. We reject DPI's view that, regardless whether the government entity to be served has official office hours, the statutory language conditions the Saturday extension rule on whether service can be accomplished on a Saturday. Accordingly, we conclude that the School District timely served its petitions on DPI. We reverse the order dismissing the petitions and remand for further proceedings.

---

[1] Except as otherwise noted, all references to the Wisconsin Statutes are to the 2011–12 version, which was the version in effect during the pertinent time period.

## *Background*

¶ 4. DPI rendered decisions adverse to the School District in administrative actions. In order to obtain circuit court review of DPI's decisions, the School District was required to file its petitions with the clerk of circuit court and to serve the petitions on DPI or one of DPI's officials personally or by certified mail within 30 days of service of the decisions to be reviewed. *See* WIS. STAT. § 227.53(1)(a). The last day of this 30–day period fell on a Saturday. The School District filed the petitions before the Saturday deadline, but served the petitions on DPI by sending them via certified mail on the following Monday.

¶ 5. DPI moved to dismiss, arguing that service was untimely. The School District countered that service was timely based on two statutes addressing computation of time periods, WIS. STAT. § 801.15 and WIS. STAT. § 990.001(4).

¶ 6. The circuit court concluded that WIS. STAT. § 801.15 did not help the School District because § 801.15 applies only after an action is properly commenced, and the issue at hand was whether the action was properly commenced.[2] In addition, the court agreed with DPI that the Saturday extension rule in WIS. STAT. § 990.001(4)(c) did not apply because DPI did not need to be open on the Saturday deadline for the School

---

[2] WISCONSIN STAT. § 801.15(1)(b) provides that, when computing any time period under WIS. STAT. chs. 801 to 847, the last day of the computed period is not included if the clerk of courts office is closed. The circuit court found that the clerk of courts office was closed on the pertinent Saturday and, as far as we can tell, there is no dispute that the School District's petitions would have been timely served on DPI if § 801.15(1)(b) applied. As explained in the text, however, we decide this case based on WIS. STAT. § 990.001(4)(c).

District to accomplish service by certified mail, which is one of the service options under Wis. Stat. § 227.53(1)(a). The circuit court thus concluded that the School District failed to timely serve the petitions on DPI, and the court granted DPI's motion to dismiss.

### Discussion

¶ 7. As they did in the circuit court, the parties dispute the applicability of Wis. Stat. § 801.15(1)(b). They also dispute whether the circuit court correctly interpreted and applied Wis. Stat. § 990.001(4)(c). We first explain why we do not decide this case based on § 801.15(1)(b). We then explain why we agree with the School District that service was timely under § 990.001(4)(c).

### A. Wis. Stat. § 801.15(1)(b)

¶ 8. As we understand it, the School District argues that Wis. Stat. ch. 801 applies here because all Wis. Stat. ch. 227 judicial review proceedings are "special proceedings" as that term is used in ch. 801. *See* Wis. Stat. § 801.01(1) (" 'Action,' as used in chs. 801 to 847, includes 'special proceeding' unless a specific provision of procedure in special proceedings exists.").

¶ 9. DPI, in contrast, argues that case law establishes that Wis. Stat. § 801.15(1) does not apply to the computation of time for serving a petition for review under Wis. Stat. § 227.53. Among the cases DPI cites in support is *Johnsonville Sausage, Inc. v. DOR*, 113 Wis. 2d 7, 334 N.W.2d 269 (Ct. App. 1983), which, as is true of the case before us, presented a question whether a § 227.53 petition was timely served. *See Johnsonville,*

113 Wis. 2d at 8–9.[3] We noted in *Johnsonville* that § 801.15(5) (1979–80), another time-related provision in § 801.15, "does not apply to appeals from administrative proceedings to the circuit court." *Johnsonville*, 113 Wis. 2d at 9 & n.3.[4]

¶ 10. Although *Johnsonville* appears to support DPI's position, the School District does not address *Johnsonville* or otherwise explain why one subsection of Wis. Stat. § 801.15 might apply to the computation of time for service of a petition under Wis. Stat. § 227.53 when it is apparent under *Johnsonville* that another subsection does not apply. Thus, we do not have developed argument on the topic.

¶ 11. Regardless of the merit of the School District's argument based on Wis. Stat. § 801.15, we agree with the School District that we must reverse the circuit court based on Wis. Stat. § 990.001(4)(c), the topic we address next. Since our decision under

---

[3] At the time of *Johnsonville Sausage, Inc. v. DOR*, 113 Wis. 2d 7, 334 N.W.2d 269 (Ct. App. 1983), Wis. Stat. § 227.53 was numbered Wis. Stat. § 227.16 (1979–80). *See Waste Mgmt. of Wis., Inc. v. DNR*, 144 Wis. 2d 499, 504 & n.4, 424 N.W.2d 685 (1988).

[4] Wisconsin Stat. § 801.15(5) provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party:

> (a) If the notice or paper is served by mail, 3 days shall be added to the prescribed period.

> (b) If the notice or paper is served by facsimile transmission and such transmission is completed between 5 p.m. and midnight, 1 day shall be added to the prescribed period.

At the time of *Johnsonville*, § 801.15(5) (1979–80) was substantially the same as the current statute except that it did not include the provision that is now paragraph (b).

§ 990.001(4)(c) is dispositive, we do not reach the undeveloped issue of whether § 801.15(1)(b) applies. *See Turner v. Taylor*, 2003 WI App 256, ¶ 1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (when a decision on one issue is dispositive, we need not reach other issues raised).

## B. Wis. Stat. § 990.001(4)(c)

¶ 12. The parties' dispute over whether service was timely under Wis. Stat. § 990.001(4)(c) presents an issue of statutory interpretation, which is a question of law that we review de novo. *See Noffke v. Bakke*, 2009 WI 10, ¶ 9, 315 Wis. 2d 350, 760 N.W.2d 156. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (quoted source omitted). We interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; . . . and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶ 46.

¶ 13. The language of Wis. Stat. § 990.001(4)(c) is cumbersome but, for the reasons we explain below, we conclude that its meaning is plain as applied here. The statute provides:

> When the last day within which a proceeding is to be had or taken or an act done, which consists of any payment to or the service upon or the filing with any officer, agent, agency, department or division of the state or of any county, city, village, town, school district or other subdivision of the state, of any money, return, statement, report, notice or other document, falls on a Saturday and the duly established official office hours

of such officer, agent, agency, department or division to which such payment is to be made or upon which such service is to be made or with which such return, statement, report, notice or other document is required to be filed, do not include any office hours thereof on such Saturday, said proceeding may be had or taken or such act may be done on the next succeeding day that is not a Sunday or a legal holiday.

Section 990.001(4)(c).

¶ 14. We pause here to define some shorthand that we use throughout this opinion in lieu of some cumbersome language in the statute.

¶ 15. First, WIS. STAT. § 990.001(4)(c) refers to multiple government officers and entities. It speaks of payments, service, and filings of certain items with respect to "any officer, agent, agency, department or division of the state or of any county, city, village, town, school district or other subdivision of the state." *See id.* Throughout this decision, we refer to the list of government officers and entities by the shorthand term "government entity."

¶ 16. Second, the statute has a cumbersome reference to Saturday office hours: a day that "falls on a Saturday and the duly established official office hours . . . [which] do not include any office hours thereof on such Saturday." *See id.* Instead of repeating this phrasing, we refer simply to "official office hours" on the pertinent day.

¶ 17. Third, the statute extends the time to "the next succeeding day that is not a Sunday or a legal holiday." *See id.* We shorten this to "next business day."

¶ 18. Focusing on the most pertinent language and using this shorthand, WIS. STAT. § 990.001(4)(c) provides that, when the last day to accomplish any of the listed acts, including "service upon" a government

557

entity, falls on a Saturday, and the government entity has no official office hours on that day, service may be accomplished on the next business day.

■

¶ 19. The School District points out that "service upon" is not further defined and, in particular, is not limited to service that must be accomplished in person at a government entity office. And, DPI does not dispute that the last day for the School District to accomplish "service upon" DPI fell on a Saturday and that DPI had no official office hours that day. Thus, we agree with the School District that the statute as applied here plainly extends the last day for "service upon" DPI to the next business day, regardless whether such service can be accomplished on the Saturday in question. The same holds true for any other act listed in the statute. For example, if the last day to make a payment to a government entity fell on a Saturday, and the government entity had no official office hours on that Saturday, the last day for payment would be extended to the next business day.

¶ 20. The legislature could have, but did not, include language limiting time extensions to situations in which the government entity needs to be open. And, DPI does not argue that the statute is ambiguous, a situation in which we might be permitted to supply a clarifying interpretation consistent with DPI's view. Moreover, DPI does not argue that the plain language reading advanced by the School District produces absurd or unreasonable results.

■

¶ 21. As best we can tell, DPI makes two arguments: that the School District's plain language reading conflicts with the clear purpose of the statute, and that the School District's reading renders superfluous

558

some of the language in Wis. Stat. § 990.001(4)(c). We address and reject each of these arguments.

### 1. Conflicts-With-The-Clear-Purpose Argument

¶ 22. Generally, the lack of ambiguity and lack of absurd results would end the discussion. Courts generally apply unambiguous statutory language as written unless a plain meaning application produces an absurd result. *See Teschendorf v. State Farm Ins. Cos.*, 2006 WI 89, ¶ 62, 293 Wis. 2d 123, 717 N.W.2d 258 (court has a duty to "look beyond the plain meaning" when a statute's "plain meaning produces absurd results"); *see also Local 441A, Wisconsin Prof'l Police Ass'n v. WERC*, 2013 WI App 104, ¶ 28, 349 Wis. 2d 719, 837 N.W.2d 168 ("[W]hen statutory language is clear, . . . judicial restraint dictates that we must apply that language as written unless doing so would produce an unreasonable result.").

¶ 23. However, the supreme court in *Kalal* seems to say that there is another exception to the general rule that we apply unambiguous language as written, namely, when applying unambiguous language "contravene[s]" the "textually or contextually manifest" "purpose" of a statute. *See Kalal*, 271 Wis. 2d 633, ¶ 49. As the court in *Kalal* further explained:

> Some statutes contain explicit statements of legislative purpose or scope. A statute's purpose or scope may be readily apparent from its plain language or its relationship to surrounding or closely-related statutes —that is, from its context or the structure of the statute as a coherent whole. Many words have multiple dictionary definitions; the applicable definition depends upon the context in which the word is used. Accordingly, it cannot be correct to suggest, for example, that an examination of a statute's purpose or

> scope or context is completely off-limits unless there is ambiguity. It is certainly not inconsistent with the plain-meaning rule to consider the intrinsic context in which statutory language is used; a plain-meaning interpretation cannot contravene a textually or contextually manifest statutory purpose.

*Id.* (footnote omitted).

¶ 24. DPI argues that the "clear purpose" of the statute is to "extend[] the time only [as to acts] requiring a state or local office to be open [and, thus, the statute limits] itself to situations where the agency needs to be open for serving papers, filing documents, or making payments." DPI asserts that service by certified mail can be accomplished on a Saturday regardless whether DPI has official office hours on that day and, therefore, applying the Saturday extension rule under Wis. Stat. § 990.001(4)(c) to service by mail violates the statute's clear purpose. Assuming that DPI means to argue that the School District's interpretation contravenes the "manifest statutory purpose" as that concept is discussed in *Kalal*, this argument does not persuade us.

¶ 25. We disagree that DPI's asserted purpose is clear from any statutory text or context that DPI points out. As far as we can tell, as the sole support for its "clear purpose" argument, DPI relies on the text of Wis. Stat. § 990.001(4)(c) that we have already discussed. But, as we have said, the statute does not include language limiting time extensions to situations in which the government entity needs to be open. In addition, the statute's text refers to "service upon" a government entity without distinguishing between modes of service that may or may not require DPI to be open. Similarly, the statute refers to the other listed acts—payment to a government entity and the filing of

560

any "return, statement, report, notice or other document" with a government entity—without making distinctions based on whether the payment or filing occurs in person, by mail, or by some other means. *See* § 990.001(4)(c). As the School District points out, the legislature could have easily qualified the Saturday extension rule based on the mode of accomplishing service, or, for that matter, the mode of accomplishing the other listed acts. It did not. Thus, it is not true that the "clear" or "manifest" purpose of the statute is what DPI says it is.

¶ 26. We conclude that DPI's clear purpose argument is further undercut by a questionable premise implicit in DPI's argument. It appears that DPI assumes that the action in question here—service by certified mail—could be accomplished on a Saturday. While this may have been feasible for the School District here, DPI does not provide a satisfactory explanation as to how DPI's interpretation of the statute might change if a party could show that it was not feasible to send certified mail or to perform some other listed act on a Saturday. We doubt that the legislature would have intended such a situation-specific rule that invites factual disputes about whether it was feasible for a party to send certified mail—or to perform some other act—on a Saturday. It makes more sense to conclude that the legislature intended a clear, consistent rule that depends on a factor that is both expressly referenced in the statutory text and that should almost always be undisputed: whether the government entity had official office hours on the Saturday in question.[5]

---

[5] We repeat that we use "official office hours" as shorthand to refer to whether the agency's "duly established official office hours" include "any office hours" on the Saturday in question. *See* Wis. Stat. § 990.001(4)(c).

¶ 27. We acknowledge that the legislature's choice to make the Saturday extension rule in Wis. Stat. § 990.001(4)(c) dependent on a government entity's official office hours might *suggest* or be *consistent with* a conclusion that one of the legislature's concerns was whether the government entity needs to be open for an act to be accomplished. However, for the reasons we have explained, we disagree with DPI that the statutory language shows that this concern was the legislature's sole consideration or the "clear purpose" of the statute.

## 2. Superfluous-Language Argument

¶ 28. DPI relies on the statutory interpretation canon that statutes are to be construed to avoid rendering any language meaningless or superfluous, but we fail to see how this canon supports DPI's interpretation of Wis. Stat. § 990.001(4)(c). DPI's limited supporting argument is as follows:

> Under the School District's reading [of the statute], none of the language limiting the exception would be needed. The time would be extended for all Saturday deadlines as long as the state or local office was closed that day—regardless of whether there was any need for the office to be open to do the particular act in question.

DPI does not specify the "language limiting the exception" that DPI asserts would be superfluous under the School District's reading. We surmise that DPI is referring to the "consists of" language describing the types of acts covered. That is, an act "which consists of any payment to or the service upon or the filing with any [government entity] of any money, return, statement, report, notice or other document." DPI seems to be arguing that the School District's interpretation renders all of this language superfluous because, if the

School District's interpretation is correct, then the legislature should have more concisely written the statute as referring simply to "any act," rather than as referring to "an act" that "consists of" one of the listed items.

¶ 29. We see at least two problems with DPI's superfluous language argument. First, it is undeveloped. We have attempted to discern what DPI means to argue, but remain uncertain exactly what language DPI contends would be rendered superfluous. So, we could stop our discussion here.

¶ 30. Second, if DPI means to argue that the language that would be rendered superfluous is the "consists of" language, the argument seemingly carries with it an unsupported assumption. That is, DPI seems to assume that the "consists of" language, when read as the School District reads it, describes *all* possible acts with respect to a government entity. This assumption permits DPI to make the assertion that, under the School District's interpretation, the "consists of" language is superfluous because "time would be extended for *all* Saturday deadlines as long as the state or local office was closed that day" (emphasis added). But if, instead, the "consists of" language defines something less than all possible acts with respect to a government entity, then the "consists of" language is not superfluous because it narrows the applicability of the statute's time extension rule to a subset of acts, regardless whether those acts can be accomplished on a Saturday when the pertinent government entity has no official office hours.

¶ 31. In sum, DPI does not persuade us that the School District's interpretation renders language in the statute superfluous.

### Conclusion

¶ 32. For the reasons stated above, we conclude that the Saturday extension rule in WIS. STAT. § 990.001(4)(c) applies to the listed acts regardless whether the act is accomplished in person, by mail, or by some other means. We reverse the circuit court's order dismissing the School District's petitions for review of the four DPI decisions, and we remand to the circuit court for further proceedings.

*By the Court.*—Order reversed and cause remanded for further proceedings.