COURT OF APPEALS
DECISION
DATED AND FILED

**January 9, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2124-CR**

Cir. Ct. No. **2017CF76**

STATE OF WISCONSIN

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

KENNETH J. HEINRICH,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Dodge County: STEVEN G. BAUER, Judge. *Affirmed*.

¶1    GRAHAM, J.[1]    Heinrich pleaded no contest to three misdemeanor counts of bail jumping, and he now seeks to withdraw his plea on grounds that the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

charges are without a factual basis and multiplicitous. I reject Heinrich's arguments and affirm the judgment and order entered by the circuit court.

BACKGROUND

¶2 Heinrich stole a cash register from a family restaurant in Mayville, Wisconsin, on February 26, 2017. When a customer chased him into a parking lot, Heinrich threatened the customer with a knife. Law enforcement later apprehended Heinrich and found a crack pipe on his person. The State charged Heinrich with one felony count of theft from a person or corpse, one misdemeanor count of carrying a concealed knife, and one misdemeanor count of possession of drug paraphernalia. The State also charged Heinrich with three counts of bail jumping for violating the "no new crimes" condition of his release on bond in an earlier criminal case.

¶3 Heinrich agreed to plead no contest to the paraphernalia charge and the three counts of bail jumping, leaving the remaining charges to be resolved at trial. During the plea hearing, Heinrich stipulated to the truth and accuracy of the facts in the complaint. The State explained that the bond from Dodge County Case No. 2016CM247 was the basis of the bail jumping charges and that the three charges were based on Heinrich's commission of theft, carrying a concealed knife, and possession of paraphernalia.

¶4 The circuit court found a factual basis for the paraphernalia and bail jumping charges and accepted Heinrich's no contest plea. The court conducted a bench trial the following week and found Heinrich guilty of one misdemeanor count of theft of movable property and one misdemeanor count of carrying a concealed knife. Heinrich's postconviction motion was denied, and he now appeals.

2

## DISCUSSION

¶5     Heinrich argues that he should be allowed to withdraw his bail jumping pleas because there was no factual basis for the charges and also because the three counts were multiplicitous.  I address each argument in turn.

### I.

¶6     A defendant who seeks to withdraw his plea after sentencing must establish by clear and convincing evidence that "refusal to allow withdrawal of the plea would result in manifest injustice."  *State v. Brown*, 2006 WI 100, ¶18, 293 Wis. 2d 594, 716 N.W.2d 906.  A manifest injustice occurs "if a circuit court fail[ed] to establish a factual basis" for a plea as required by WIS. STAT. § 971.08(1)(b).  *State v. Thomas*, 2000 WI 13, ¶17, 232 Wis. 2d 714, 605 N.W.2d 836.  The purpose of the factual basis requirement is to protect a defendant from unwittingly pleading to charges without realizing that his conduct does not constitute the charged crime.  *Id.*, ¶14.

¶7     Heinrich's factual basis argument centers around the effect that he contends WIS. STAT. § 969.13(1) had on the bond issued in his prior criminal case. The bond in Case No. 2016CM247 was signed on July 19, 2016, and among other things, it prohibited Heinrich from committing any new crimes.  *See* WIS. STAT. § 969.02(4) ("As a condition of release in all cases, a person released under this section shall not commit any crime.").  But according to Heinrich, after he was released from custody in Case No. 2016CM247, he committed additional crimes

3

on December 20, 2016, January 5, 2017, and February 7, 2017[2]—all prior to the events of February 26, 2017, which are the subject of this criminal case.

¶8     Heinrich argues that it was "legally impossible" for him to commit bail jumping on February 26, 2017, based on the language of WIS. STAT. § 969.13(1).   Section 969.13(1) provides:  "If the conditions of the bond are not complied with, the court having jurisdiction over the defendant in the criminal action shall enter an order declaring the bail to be forfeited."   Heinrich acknowledges that the circuit court did not actually enter any order forfeiting the bail in Case No. 2016CM247; however, he contends that because the statute uses the word "shall" and prescribes a mandatory duty, his criminal acts prior to February 26, 2017, revoked the conditions of his release "by operation of law." According to Heinrich, he could not have "intentionally failed to comply" with the terms of the bond on February 26, 2017, because there were no longer any terms with which he had to comply.

¶9     Heinrich's argument fails for at least three reasons.   First, as Heinrich acknowledges, the court did not actually enter any order declaring bail forfeited pursuant to WIS. STAT. § 969.13(1).   Even if § 969.13(1) prescribes a mandatory duty,[3] that would not mean the statute is self-executing.

---

[2] The record does not reveal whether these additional crimes were investigated or charged prior to the February 26, 2017 events at the family restaurant in Mayville.

[3] Heinrich does not discuss WIS. STAT. § 969.13(2), which contains language undercutting his assertion that § 969.13(1) prescribes a mandatory duty.  Section 969.13(2) states that the court may "set aside" an order issued pursuant to § 969.13(1) "if it appears that justice does not require the enforcement of the forfeiture."

4

¶10    Second, Heinrich does not identify any authority for the proposition that a defendant who is made to forfeit cash bail is also relieved from the conditions of his release. Heinrich appears to argue that "bail" and "bond" are synonymous for the purposes of WIS. STAT. § 969.13(1), and therefore an order forfeiting "bail" pursuant to § 969.13(1) also nullifies the defendant's bond conditions. This is plainly contrary to the language of the statute. *See* WIS. STAT. § 967.02(1h) (defining "bond" for the purposes of WIS. STAT. chs. 967 to 979 as "an undertaking either secured or unsecured entered into by a person in custody by which the person binds himself or herself to comply with such conditions as are set forth therein"); WIS. STAT. § 969.001(1) (defining "bail" for the purposes of WIS. STAT. ch. 969 as "monetary conditions of release"). Bond is an agreement by the defendant to abide by certain conditions, and bail is the money the defendant puts up as security for the agreement.

¶11    Finally, Heinrich's interpretation would lead to the absurd result that a defendant can unilaterally nullify the conditions of a bond by violating those very conditions. *See **Madison Metro. Sch. Dist. v. Evers***, 2014 WI App 109, ¶22, 357 Wis. 2d 550, 855 N.W.2d 458 (we avoid statutory interpretations that would produce absurd results). Accordingly, I reject Heinrich's argument that there was no factual basis for the bail jumping charges.

## II.

¶12    I now turn to Heinrich's argument about multiplicity. Multiplicity is a double jeopardy claim and is defined as charging "a single criminal offense in more than one count." ***State v. Grayson***, 172 Wis. 2d 156, 159, 493 N.W.2d 23 (1992). Heinrich argues that the three bail jumping charges should have been charged as just one count because they were "based on a single bond, a single bail

condition, and a single criminal episode." In response, the State argues that Heinrich forfeited his multiplicity argument by pleading no contest to the charges. *See State v. Kelty*, 2006 WI 101, 294 Wis. 2d 62, 716 N.W.2d 886.

¶13 I need not decide whether Heinrich's multiplicity argument was forfeited, since I conclude that the bail jumping charges are not multiplicitous. Charges are multiplicitous either when (1) the charges are identical in law and in fact, or (2) the legislature intended the charges to be brought as a single count. *Grayson*, 172 Wis. 2d at 159. Multiplicity is a question of law subject to independent review. *State v. Davison*, 2003 WI 89, ¶15, 263 Wis. 2d 145, 666 N.W.2d 1.

¶14 Heinrich asserts that "of course" the bail jumping charges are identical in law because they are based on a violation of the same statutory section, which criminalizes an intentional failure to comply with the terms of a bond. But I am not fully persuaded that the three bail jumping offenses can be said to be identical in law since the jury would be separately instructed on the elements of each of the three underlying crimes. *See* WIS JI—CRIMINAL 1795. That is, for one count the jury would be instructed on the elements of theft, for the second count the jury would be instructed on the elements of carrying a concealed knife, and for the third count the jury would be instructed on the elements of possession of drug paraphernalia.

¶15 In any event, even if the charges could be said to be identical in law, they are not identical in fact for similar reasons. The test for whether charges are identical in fact is whether each count requires proof of an additional fact that the other count does not, and whether each requires "a new volitional departure in the defendant's course of conduct." *See State v. Anderson*, 219 Wis. 2d 739, 750, 580

N.W.2d 329 (1998). Here, the facts needed to prove the underlying charges of theft, possession of a weapon, and possession of drug paraphernalia are significantly different.

¶16 Turning to the second part of the multiplicity test, charges may still be multiplicitous if the legislature intended that the multiple offenses be brought as a single count. *Id.* at 752. But Heinrich does not make any developed argument about the legislature's intent, nor does he attempt to apply the four-factor analysis set forth in *Anderson*.[4] I need not consider arguments that are unsupported by adequate factual and legal citations or are otherwise undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). Accordingly, I conclude that the three bail jumping charges were not multiplicitous.

¶17 My analysis is supported by *Anderson*, 219 Wis. 2d 739, and also by *State v. Eaglefeathers*, 2009 WI App 2, 316 Wis. 2d 152, 762 N.W.2d 690 (2008). In *Anderson*, our supreme court determined that two charges of bail jumping based on two separate violations of the same bond were not multiplicitous. *Anderson*, 219 Wis. 2d at 742. In *Eaglefeathers*, this court determined that two charges of bail jumping were not multiplicitous when they were based on the defendant's failure to appear at preliminary hearings in two separate criminal matters, even though the defendant was only out on a single bond. *Eaglefeathers*, 316 Wis. 2d 152, ¶1. Heinrich attempts to distinguish these cases on the grounds that he was charged with violating a single "no new crimes" condition in a single

---

[4] *See State v. Anderson*, 219 Wis. 2d 739, 751–53, 580 N.W.2d 329 (1998) ("We use four factors to determine legislative intent in a multiplicity analysis: 1) statutory language; 2) legislative history and context; 3) the nature of the proscribed conduct; and 4) the appropriateness of multiple punishments.").

bond. However, the defendant in *Eaglefeathers* also violated a single condition that he "appear on all court dates" which was contained in a single bond.[5] *Id.*, ¶2; *see also id.*,¶13 ("[T]he existence of one bond here rather than multiple bonds is a red herring …. Eaglefeathers' case turns on the fact that '[e]ach count would require proof of facts for conviction which the other two counts would not require.'" (quoting *State v. Richter*, 189 Wis. 2d 105, 109, 525 N.W.2d 168 (Ct. App. 1994))). Heinrich's attempt to distinguish these cases fails.

For the reasons stated above, I affirm the circuit court.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[5] Heinrich inaccurately asserts that the defendant in *Eaglefeathers* had three separate bonds.