STATE of Wisconsin, Plaintiff-Respondent,††

v.

Eveles R. HARRIS, Defendant-Appellant.†

Court of Appeals

*No. 94–1164–CR. Submitted on briefs August 12, 1994.—Decided December 6, 1994.*

(Also reported in 528 N.W.2d 7.)

††Petition to cross review denied.
†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Dawn M. Rablin* and *Paul A. Ksicinski*, assistant state public defenders of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle*, attorney general and *Sharon Ruhly*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

WEDEMEYER, P.J.   Eveles R. Harris appeals from a non-final order denying his motion to dismiss one of the two counts in a complaint against him. Harris was charged with bail jumping contrary to § 946.49(1)(a), STATS., and possession of a controlled

substance (cocaine) contrary to §§ 161.14(7)(a) and 161.41(3m), STATS. The issue on appeal is whether double jeopardy protections prohibit charging Harris with both bail jumping and possession of cocaine, which was the offense that formed the basis for the bail jumping charge. Because each crime contains an element that the other does not, double jeopardy is not violated. Accordingly, we affirm.

## I.  BACKGROUND

Harris was released on bail while awaiting trial for a possession of cocaine charge. As a condition of bail, Harris was "not to commit any additional crimes." While out on bail, Harris was searched and cocaine was discovered in his shoe. As a result, Harris was charged in a single complaint with one count of bail jumping and one count of possession of cocaine. Harris moved to dismiss one of the counts based on violations of double jeopardy.

The trial court denied the motion. Harris filed a petition for leave to appeal a non-final order which was granted by this court.[1]

## II.  DISCUSSION

Harris argues that this case is governed by *United States v. Dixon*, 113 S. Ct. 2849 (1993), which held that

---

[1] We also note that the State raises the issue of whether interlocutory appeals should be granted in cases where the trial court denies a motion to dismiss based on double jeopardy concerns arising solely from the potential of multiple punishment. Although the State is correct that the rationale affording immediate review under *State v. Jenich*, 94 Wis. 2d 74, 288 N.W.2d 114 (1980), is not present in these types of cases, it is within this court's discretion to grant immediate leave to appeal. Section 808.03(2), STATS.

charging both possession of a controlled substance and contempt when the contempt charge is premised on the possession charge, violates double jeopardy. The State argues this case is controlled by *State v. Nelson*, 146 Wis. 2d 442, 432 N.W.2d 115 (Ct. App. 1988), which held that convictions for bail jumping and the underlying offense, which forms the basis of the bail jumping charge, do not violate double jeopardy. Harris counters that *Dixon* overruled *Nelson*. The trial court determined that *Dixon* did not overrule *Nelson* because *Dixon* involved only *multiple prosecutions*, not a *single prosecution*, with multiple charges and the possibility of *multiple punishment*. The trial court reasoned that because the instant case is not a successive *prosecution* case, it was bound by *Nelson* and, therefore, Harris can be prosecuted for both bail jumping and possession of cocaine. Although we apply a slightly different analysis, we affirm the conclusion reached by the trial court.

■

Whether a defendant's double jeopardy rights are violated is a question of law that we review *de novo*. *State v. Sauceda*, 168 Wis. 2d 486, 492, 485 N.W.2d 1, 3 (1992).

■

In a situation where a single course of conduct gives rise to multiple charges to be prosecuted in a single trial, the proper test to determine whether there is a double jeopardy violation is the "elements only" test of *Blockburger*.[2] *State v. Kanarowski*, 170 Wis. 2d 504, 509, 489 N.W.2d 660, 662 (Ct. App. 1992). The "elements only" test involves examining the two offenses charged to determine whether each offense contains a statutory element not contained in the

---

[2] *Blockburger v. United States*, 284 U.S. 299 (1932).

other. *See Blockburger v. United States*, 284 U.S. 299 (1932).

The elements of bail jumping are different from the elements of possessing a controlled substance. The elements of bail jumping as applicable to this case are: (1) that the defendant has been arrested for or charged with a misdemeanor; (2) that the defendant has been released on bail, subject to conditions; and (3) that the defendant has intentionally failed to comply with the conditions of release. *See* § 946.49(1)(a), STATS. The elements of possession of a controlled substance are: (1) that the defendant possessed a substance; (2) that the substance was cocaine; and (3) that the defendant knew or believed that the substance was controlled. *See* §§ 161.14(7)(a) and 161.41(3m), STATS. In comparing the elements of bail jumping to the elements of possession of cocaine, the "elements only" test is satisfied—each offense contains an element that the other does not.

When the "elements only" test is satisfied, a presumption arises that multiple punishments are allowed. *Sauceda*, 168 Wis. 2d at 496, 485 N.W.2d at 6. This presumption can be overcome if the defendant can prove a contrary legislative intent. *Id.* at 495, 485 N.W.2d at 6. Harris has submitted no evidence of a contrary legislative intent; therefore, we conclude that the charges against Harris do not violate double jeopardy.

Instead, Harris asks this court to adopt the incorporation analysis discussed in a concurring opinion in *Dixon*. The concurring opinion in *Dixon* suggests that because the bail condition prohibited "committing any other crime," it necessarily incorporated *the entire*

*criminal code* into the offense of contempt. The concurrence reasons that because possession is an offense *within the criminal code*, the incorporation makes it a lesser included offense of contempt. As a result, the *Blockburger* test cannot be satisfied. Based on this concurrence, Harris argues that *Dixon* implicitly overrules *Nelson*. We reject Harris's argument.

■

Although *Dixon* may appear to be factually similar to the instant case, a closer look reveals fundamental differences that lead us to conclude that *Dixon* is not controlling. First, Wisconsin law does not support the incorporation analysis discussed in a concurring opinion in *Dixon*. *See State v. Kurzawa*, 180 Wis. 2d 502, 515, 509 N.W.2d 712, 717 (implicitly rejecting the incorporation analysis discussed in *Dixon* concurrence by reference to "statutory elements"), *cert. denied*, 114 S. Ct. 2712 (1994).

■

Next, Wisconsin cases have expressly held that bail jumping and its underlying crime are separate offenses that do not subject a defendant to double jeopardy. *See Nelson*, 146 Wis. 2d at 449, 432 Wis. 2d at 118 (convictions for bail jumping and its underlying offense do not violate double jeopardy if elements only test is satisfied); *see also State v. West*, 181 Wis. 2d 792, 794, 512 N.W.2d 207, 208 (Ct. App. 1993) (defendant convicted of underlying offense is not subject to double jeopardy if subsequently punished for bail jumping charge); *see generally Kanarowski*, 170 Wis. 2d at 510, 489 N.W.2d at 662 (single prosecution that charges multiple counts based on single course of conduct does not violate double jeopardy if each charge constitutes a separate offense under *Blockburger* test).

Lastly, *Dixon* is a successive *prosecution* case. Harris does not face successive prosecution. He faces a single prosecution with multiple counts. In a multiple punishment case, the test employed to determine whether the multiple counts constitute separate offenses is still *Blockburger*. Neither *Dixon* nor *Kurzawa* alters this. As noted, we have applied the *Blockburger* test, which reveals that the possession charge and the bail jumping charge constitute separate offenses.

Therefore, we hold that Harris's protection against double jeopardy is not violated and the State may proceed with the single prosecution on both counts.

*By the Court.*—Order affirmed.