STATE of Wisconsin, Plaintiff-Respondent,

v.

Dana EAGLEFEATHERS, Defendant-Appellant.†

Court of Appeals

*No. 2007AP845–CR. Submitted on briefs December 7, 2007.*
*—Decided December 11, 2008.*

2009 WI App 2

(Also reported in 762 N.W.2d 690.)

---

† Petition for review denied 3/18/09.

152

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Patricia A. FitzGerald*, Mt. Horeb.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael C. Sanders*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Higginbotham, P.J., Vergeront and Lundsten, JJ.

¶ 1. HIGGINBOTHAM, P.J. Dana Eaglefeathers appeals a judgment of conviction following a plea of guilty to two counts of felony bail jumping for his failure to appear at preliminary hearings in two criminal cases. Eaglefeathers argues that the conviction on two bail-jumping counts was multiplicitous because the preliminary hearings at which he failed to appear were

scheduled for the same time, and he had signed only one bond for the two underlying cases. Because we conclude that the State would have needed to prove different facts for each violation of the bail-jumping statute, and that the legislature did not intend to preclude multiple punishments in these circumstances, we conclude that the counts are not multiplicitous and affirm the judgment of conviction.

### Background

¶ 2.    Dana Eaglefeathers was charged with crimes in two separate cases, aggravated battery and intimidation of a victim in case number 2003CF80, and second-degree reckless endangerment in case number 2003CF81. He was released on a single $2,000 bond that covered both cases. As a condition of the bond, Eaglefeathers was required to "appear on all court dates." The court set preliminary hearings in the two cases, scheduling both hearings for September 4, 2003, at 10:30 a.m. The court sent Eaglefeathers two preliminary hearing notifications, one for each case. Eaglefeathers failed to appear at the preliminary hearings, and was charged with two counts of bail jumping pursuant to WIS. STAT. § 946.49 (2005–2006).[1] Eaglefeathers entered guilty pleas to both bail-jumping counts. The pleas were accepted and he was sentenced to three years' imprisonment for each count. Ea-

---

[1] WISCONSIN STAT. § 946.49 provides, as pertinent:

(1) Whoever, having been released from custody under ch. 969, intentionally fails to comply with the terms of his or her bond is:

(a) If the offense with which the person is charged is a misdemeanor, guilty of a Class A misdemeanor.

(b) If the offense with which the person is charged is a felony, guilty of a Class H felony.

glefeathers later filed a motion seeking to withdraw his guilty pleas, asserting that the conviction on multiple charges violated his double jeopardy rights and that his counsel rendered ineffective assistance for failing to raise the double jeopardy issue in the trial court.

¶ 3.  The circuit court denied the motion, rejecting Eaglefeathers' claims of double jeopardy and ineffective assistance because the offenses, while committed at the same time, were different in fact. Eaglefeathers appeals.

### *Discussion*

■

¶ 4.  This case requires us to determine whether the conviction entered against Eaglefeathers for two counts of bail jumping violated Eaglefeathers' double jeopardy rights under the federal and state constitutions. Whether the constitutional right to be free from double jeopardy has been violated is a question of law that we review de novo. *State v. Anderson*, 219 Wis. 2d 739, 746, 580 N.W.2d 329 (1998).

■

¶ 5.  The double jeopardy provisions of the United States and Wisconsin Constitutions protect persons from being put in jeopardy of punishment more than once for the same offense. U.S. Const. amend. V; Wis. Const. art. I, § 8.[2] This protection prohibits the govern-

---

[2] As pertinent, the Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." Article I, § 8 of the Wisconsin Constitution provides that "no person for the same offense may be put twice in jeopardy of punishment." The state supreme court has generally viewed

ment from pursuing: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *State v. Cox*, 2007 WI App 38, ¶ 7, 300 Wis. 2d 236, 730 N.W.2d 452 (citation omitted). The present case involves the protection against multiple punishments for the same offense.

¶ 6.   The supreme court explained in *State v. Derango*, 2000 WI 89, ¶ 28, 236 Wis. 2d 721, 613 N.W.2d 833, that whether a punishment is multiplicitous depends on whether the legislature authorized cumulative punishments for the same offense:

> Multiplicity (and therefore double jeopardy) is implicated only to the extent of preventing a court from imposing a greater penalty than the legislature intended. In other words, because double jeopardy protection prohibits double punishment for the "same offense," the focus of the inquiry is whether the "same offense" is actually being punished twice, or whether the legislature indeed intended to establish separate offenses subjecting an offender to separate, although cumulative, punishments for the same act.

*Id.*, ¶ 28 (citations omitted).

¶ 7.   In Wisconsin, multiplicity claims are examined under a two-part test. *Anderson*, 219 Wis. 2d 739, ¶ 11. The first part asks whether the offenses are identical in law and in fact. *Id.* The second part examines whether the legislature intended to authorize multiple punishments. *Id.* If it is determined under the

these provisions as being "identical in scope and purpose." *See State v. Kelty*, 2006 WI 101, ¶ 15, 294 Wis. 2d 62, 716 N.W.2d 886.

first part of the test that the charged offenses are identical in both law and fact, a presumption arises under the second part of the test that the legislature did not intend to authorize cumulative punishments. *State v. Davison*, 2003 WI 89, ¶ 43, 263 Wis. 2d 145, 666 N.W.2d 1. Conversely, if the charged offenses are not identical in law and in fact, a presumption arises that the legislature did not intend to preclude cumulative punishments. *Id.*, 263 Wis. 2d 145, ¶ 44. We evaluate Eaglefeathers' multiplicity claim applying the two-part test, beginning with whether the offenses are identical in law and in fact.

### I. *Whether the Offenses are Identical in Fact*

¶ 8. The parties do not dispute that the offenses charged against Eaglefeathers are identical in law; he was charged with two violations of the same statute, WIS. STAT. § 946.49. Rather, the dispute is over whether the offenses are identical in fact. Offenses are different in fact if the offenses "are either separated in time or are significantly different in nature." *State v. Stevens*, 123 Wis. 2d 303, 322, 367 N.W.2d 788, *cert. denied,* 474 U.S. 852 (1985). The test for whether offenses are significantly different in nature "is whether each count requires proof of an additional fact that the other count does not. The offenses are significantly different in nature if each requires a new volitional departure in the defendant's course of conduct." *Anderson*, 219 Wis. 2d 739, ¶ 20 (citations omitted).

¶ 9. Eaglefeathers contends that the two bail-jumping charges are not separated in time or in nature because they arose from a single volitional act, i.e., his failure to appear in court for preliminary hearings that were scheduled at the same time. Eaglefeathers notes

that only one bond was issued for the two offenses in this case, and that the wording of the two charges in the information is identical. He distinguishes *Anderson*, a case in which the supreme court found that a violation of a single bond supported two separate charges. In *Anderson*, separate charges were upheld because Anderson committed two separate volitional acts by living with a person with whom he was to have no contact and drinking alcohol, violations of two separate conditions of his bond. *Anderson*, 219 Wis. 2d 739, ¶¶ 18–22. Eaglefeathers argues that the present case does not support two separate charges because, unlike *Anderson*, the charged offenses arose from one volitional act, failing to appear for the preliminary hearings.

¶ 10.   It appears that the two charged offenses in this case were not separated in time. The preliminary hearings in the two underlying cases were scheduled for the same time, and therefore the act of failing to appear for one hearing was not separated in time from the act of failing to appear for the other hearing. However, we conclude that the two charged offenses are different in nature and therefore are not multiplicitous.

¶ 11.   An offense is different in nature from another offense when it requires proof of a fact that the other offense does not. *Anderson*, 219 Wis. 2d 739, ¶ 20. As the circuit court explained, each count of bail jumping associated with each case would require separate proof by the State. The State would be required to prove that the court notified Eaglefeathers of the preliminary hearing in each case, and that Eaglefeathers failed to appear in each case. Proof of notification and failure to appear in one case would not prove notifica-

160

tion and failure to appear in the other. As a result, the two charges were different in nature and therefore were different in fact for purposes of double jeopardy analysis.

¶ 12.   In all meaningful respects, Eaglefeathers' case resembles *State v. Richter*, 189 Wis. 2d 105, 525 N.W.2d 168 (Ct. App. 1994), in which we upheld multiple charges of bail jumping based on one illegal phone call. Richter was charged with three counts of bail jumping for violating the same no-contact condition contained in three separate bonds. *Id.*, 189 Wis. 2d at 107–08. The charges resulted from a phone call Richter made to the person whom he was ordered not to contact. *Id.* We rejected Richter's argument that the second and third bail jumping counts were multiplicitous, concluding that the three offenses were different in fact. *Id.* at 109.

> In each of the three cases there were separate bonds issued by the court. We agree with the trial court that "if the State were put to their proof, they would be required to prove up the condition in each bond." Each count would require proof of facts for conviction which the other two counts would not require because each bond would give rise to an individual factual inquiry.

*Id.*

¶ 13.   The only difference between *Richter* and the present case is that multiple bonds were issued in *Richter* corresponding to each of the underlying offenses, while only one bond was issued here in two separate criminal cases. However, the existence of one bond here rather than multiple bonds is a red herring that does not compel a different result in this case. Like *Richter*, Eaglefeathers' case turns on the fact that "[e]ach count would require proof of facts for conviction which the other two counts would not require" giving rise "to an individual factual inquiry" for each count of bail jumping. *Id.*, 189 Wis. 2d at 109.

161

¶ 14.   Having determined that the offenses were different in fact because they were different in nature, and therefore the offenses were not multiplicitous, we turn to the second part of the multiplicity analysis— whether the legislature intended that the charged offenses be brought only as a single count.

## II.   Whether the Legislature Intended the Offenses to be Brought as a Single Count

■■
¶ 15.   As noted, when multiple charged offenses are different in fact or in law, a presumption arises that the legislature did not intend to preclude cumulative punishments. *Davison*, 263 Wis. 2d 145, ¶ 44. This presumption places the burden of proof on the defendant to show that the legislature intended to preclude cumulative punishments, and "can only be rebutted by clear legislative intent to the contrary." *Derango*, 236 Wis. 2d 721, ¶ 30. Legislative intent is evaluated by reference to four factors:   (1) statutory language; (2) legislative history and context; (3) nature of the conduct involved; and (4) appropriateness of multiple punishments. *See id.*, ¶ 34.

¶ 16.   Eaglefeathers argues under the first of the four factors that there is nothing in the language of Wis. Stat. § 946.49 that would allow for multiple charges where one action violates a condition of a single bond. Next, he asserts that the legislative history is silent as to whether multiple charges are permissible in the present circumstances. Turning to the third factor, Eaglefeathers argues that the nature of his conduct does not warrant multiple counts because his failure to appear in court for two preliminary hearings scheduled at the same time arose from a single volitional act.

162

Finally, he argues that multiple punishments are inappropriate here because they do not serve multiple public interests. We conclude that these arguments fail to overcome the presumption that the legislature intended multiple punishments.

¶ 17.    Regarding the first two factors, statutory language and legislative history and context, Eaglefeathers argues that nothing in the language, legislative history and context of the statute supports the view that multiple punishments were intended. But this argument is a non-starter because the language, legislative history and context similarly contain no indications that the legislature intended to preclude multiple punishments. The absence of intent manifest in the statutory language and legislative history and context is not helpful to Eaglefeathers, who must prove clear legislative intent to preclude cumulative punishment.

¶ 18.    With regard to Eaglefeathers' arguments about the nature of his conduct and the appropriateness of multiple punishments, we note that we have already rejected his assertion that his failure to appear for the hearings represented one volitional act. Moreover, Eaglefeathers fails to acknowledge that his conduct resulted in two separate wrongs, preventing the court from proceeding with preliminary hearings in two separate cases. Under such circumstances, multiple punishments are not inappropriate.

¶ 19.    Accordingly, Eaglefeathers has not met his burden of showing clear legislative intent to preclude multiple punishment in these circumstances. We therefore conclude that the charges are not multiplicitous.[3]

---

[3] Eaglefeathers also argues that his trial counsel was ineffective for failing to raise the issue of multiplicity in the circuit court. Because we have concluded that Eaglefeathers' multiplic-

## *Conclusion*

¶ 20. In sum, we conclude that multiple bail-jumping charges against Eaglefeathers do not violate his double jeopardy rights where preliminary hearings in two cases were scheduled at the same time and only one bond was issued covering both cases because the counts are different in fact. We further conclude that the charges are not multiplicitous because Eaglefeathers has not met his burden of showing that the legislature intended to prohibit multiple punishments in this context. We therefore affirm the judgment of conviction.

*By the Court.*—Judgment affirmed.

---

ity claim is without merit, it follows that his ineffective assistance claim based on trial counsel's failure to raise the multiplicity issue is also without merit. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984).