STATE of Wisconsin, Plaintiff-Respondent,

v.

Joshua Java BERRY, Defendant-Petitioner.†

Court of Appeals

*No. 2015AP1195–CR. Submitted on briefs March 1, 2016.
—Decided April 26, 2016.*

2016 WI App 40

(Also reported in 879 N.W.2d 802.)

———

† Petition for review filed.

———

On behalf of the defendant-appellant, the cause was submitted on the brief of *Scott F. Anderson* of *Scott F. Anderson Law Office* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Brad D. Schimel*, attorney general, and *Christine A. Remington*, assistant attorney general.

Before Curley, P.J., Brennan and Brash, JJ.

¶ 1. BRASH, J. Joshua Java Berry appeals a non-final order denying his motion to dismiss.[1] Berry argues that because the circuit court previously dismissed a charge of possession of a firearm as a felon contrary to Wis. Stat. § 941.29(2)(a) (2013–14) with prejudice, his right to be free from double jeopardy was violated by denying his motion to dismiss a subsequent charge of possession of a firearm as someone who has been adjudicated delinquent contrary to § 941.29(2)(b).[2] We disagree and affirm.

## BACKGROUND

¶ 2. On January 7, 2014, a Milwaukee police officer stopped a car in which Berry was a backseat passenger. Berry informed the officer that he had a State of Florida concealed carry permit. Berry also informed the officer that he was in possession of a firearm. Berry was subsequently taken into custody on an outstanding warrant.

¶ 3. Certified court records from Milwaukee County Circuit Court Case No. 2004CF205 indicated that Berry was convicted of a felony and was advised

---

[1] We grant Berry's petition for leave to appeal in accordance with *State v. Jenich*, 94 Wis. 2d 74, 288 N.W.2d 114 (1980).

[2] WISCONSIN STAT. § 941.29(2) was repealed by 2015 Wis. Act 109. Berry, however, was charged and convicted under § 941.29(2) prior to its repeal. All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

by the circuit court that as a convicted felon he may not possess any firearms. Based on these records, the State charged Berry with possession of a firearm by a felon contrary to WIS. STAT. § 941.29(2)(a) in Milwaukee County Circuit Court Case No. 2014CF90. Berry waived his right to a jury trial.

¶ 4. On August 18, 2014, Case No. 2014CF90 was tried to the circuit court. At the bench trial, Berry stipulated that on January 7, 2014, he possessed a firearm in Wisconsin. Berry further stipulated that he was convicted of a felony on July 20, 2004—a date prior to Berry's stipulated date of possession of a firearm— and that this conviction had not been reversed. As his defense, Berry testified that when he applied for his Florida concealed carry permit, he fully disclosed his criminal background, including his conviction in Case No. 2004CF205. Berry testified that he believed his Florida permit allowed him to possess a firearm in Wisconsin. Nevertheless, based on Berry's stipulations that he was convicted of a felony and that he possessed a firearm in Wisconsin after that conviction, the circuit court found Berry guilty of possession of a firearm as a previously convicted felon.

¶ 5. Prior to sentencing, Berry's counsel discovered that Berry had in fact not been convicted of a felony in Case No. 2004CF205, but had rather pled guilty to a misdemeanor. Accordingly, on October 14, 2014, the circuit court vacated the judgment of conviction from the August 18, 2014 bench trial. The circuit court did not enter a judgment of acquittal, but instead dismissed the charge with prejudice. The circuit court spent some time discussing its position that the United States and Wisconsin Constitutions did not bar the State from prosecuting Berry for possession of a firearm as someone who has been adjudicated delinquent

contrary to Wɪs. Sᴛᴀᴛ. § 941.29(2)(b). The circuit court concluded that, in its opinion, §§ 941.29(2)(a) and 941.29(2)(b) were different in law and fact.

¶ 6. On October 14, 2014, the State charged Berry with possession of a firearm as someone who has been adjudicated delinquent contrary to Wɪs. Sᴛᴀᴛ. § 941.29(2)(b) in Milwaukee County Circuit Court Case No. 2014CF4520. The State relied on the January 7, 2014 traffic stop as the factual basis for the charge. On February 5, 2015, Berry filed a motion to dismiss Case No. 2014CF4520 on the grounds that this prosecution violated his right to be free from double jeopardy. On May 28, 2015, the circuit court denied Berry's motion to dismiss.[3] This appeal follows.

## Dɪsᴄᴜssɪᴏɴ

¶ 7. On appeal, Berry argues that because the circuit court previously dismissed a possession of a firearm as a felon charge against him with prejudice, his right to be free from double jeopardy was violated by denying his motion to dismiss a subsequent charge of possession of a firearm as someone who has been adjudicated delinquent that was based on the same underlying chain of events. We disagree.

¶ 8. "The Fifth Amendment to the United States Constitution reads in part: 'nor shall any person be subject for the same offence to be twice put in jeopardy

---

[3] The Honorable Carolina M. Stark presided over Milwaukee County Circuit Case No. 2014CF90, in which Berry was charged with possession of a firearm by a felon. The Honorable Thomas J. McAdams presided over Milwaukee County Circuit Court Case No. 2014CF4520, in which Berry was charged with possession of a firearm by someone who has been adjudicated delinquent.

of life or limb.' " *State v. Davison*, 2003 WI 89, ¶ 17, 263 Wis. 2d 145, 666 N.W.2d 1. "Article I, § 8(1) of the Wisconsin Constitution provides in part that 'no person for the same offense may be twice put in jeopardy of punishment . . . .' " *Id* . "[T]he double jeopardy clause offers three protections: (1) against a second prosecution for the same offense after acquittal, (2) against a second prosecution for the same offense after conviction, and (3) against multiple punishments for the same offense." *State v. Comstock*, 168 Wis. 2d 915, 936–37, 485 N.W.2d 354 (1992). "The bar to retrial after conviction or acquittal ensures that the state will not make repeated attempts to convict an individual, thereby exposing the accused to continued embarrassment, anxiety, and expense." *Id* . at 937.

¶ 9. In the context of a bench trial, the protections afforded by the double jeopardy clause attach when the judge begins to receive evidence. *See State v. Seefeldt*, 2002 WI App 149, ¶ 12, 256 Wis. 2d 410, 647 N.W.2d 894. At issue in this case is the circuit court's denial of Berry's motion to dismiss on the grounds that the charges against him violate his rights under the double jeopardy clause. Whether a defendant's constitutional right to be free from double jeopardy has been violated is a question of law that we review *de novo*. *State v. Harris*, 190 Wis. 2d 718, 722, 528 N.W.2d 7 (Ct. App. 1994).

¶ 10. Berry argues that the two charges at issue here are the same in fact. This argument, however, only states one part of the analysis. We examine multiplicity claims under a two-part test. *See State v. Eaglefeathers*, 2009 WI App 2, ¶ 7, 316 Wis. 2d 152, 762 N.W.2d 690. First, we examine whether the of-

fenses are identical in fact or in law. *See id.* Second, we determine whether the legislature intended to authorize multiple punishments. *See id.* "[W]hen multiple charged offenses are different in fact or in law, a presumption arises that the legislature did not intend to preclude cumulative punishments." *Id.*, ¶ 15.

██

¶ 11. Here, the two charges are different in law. Felon in possession of a firearm has two elements: (1) the defendant possessed a firearm; and (2) the defendant was convicted of a felony before the date of the possession. Wɪs. Stat. § 941.29(2)(a). Possession of a firearm by someone adjudicated delinquent also has two elements: (1) the defendant possessed a firearm; and (2) the defendant was adjudicated delinquent on or after April 21, 1994, and before the date of the possession, for an act that, if committed by an adult, would constitute a felony. Sec. 941.29(2)(b). The second element of each charge is different. One requires a felony conviction; the other requires an adjudication of delinquency on or after April 21, 1994 that, if committed by an adult, would constitute a felony. *See* §§ 941.29(2)(a) and 941.29(2)(b).

██

¶ 12. Next, we must determine whether the legislature intended to authorize multiple punishments. *See Eaglefeathers*, 316 Wis. 2d 152, ¶ 7. As discussed above, "when multiple charged offenses are different in fact or in law, a presumption arises that the legislature did not intend to preclude cumulative punishments." *Id.*, ¶ 15. "This presumption places the burden of proof on the defendant to show that the legislature intended to preclude cumulative punishments, and 'can only be rebutted by clear legislative intent to the contrary.' " *Id.* (citation omitted). In analyzing legislative intent,

we consider four factors: "(1) statutory language; (2) legislative history and context; (3) nature of the conduct involved; and (4) appropriateness of multiple punishments." *See id.*

¶ 13. Here, Berry merely concludes that a "common sense" reading of Wis. Stat. § 941.29 indicates that the legislature's intent was to "ban a firearm's possession if one, two or all of the listed statuses under s. 941.29(2) applied to that single instance of possession." Berry cites no authority that supports this conclusion. Consequently, we conclude that Berry fails to meet his burden in showing that the legislature intended to preclude cumulative punishments. *See League of Women Voters v. Madison Cmty. Found.*, 2005 WI App 239, ¶ 19, 288 Wis. 2d 128, 707 N.W.2d 285 (we do not decide undeveloped arguments); *see also Vesely v. Security First Nat'l Bank of Sheboygan Trust Dep't*, 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593 (Ct. App. 1985) (we do not decide inadequately briefed arguments).

¶ 14. Berry relies on *United States v. Martin Linen Supply Co.*, 430 U.S. 564 (1977), *State v. Sahr*, 812 N.W.2d 83 (Minn. 2012), and *Sanabria v. United States*, 437 U.S. 54 (1978), to support his argument that his double jeopardy rights have been violated. Berry's reliance on these cases is misguided. The issue in *Martin Linen* was whether the state could appeal from a judgment of acquittal. *Id.* 430 U.S. at 566–67. Here, the State is not appealing a judgment of acquittal. Rather, the State has charged Berry with a different crime. As such, *Martin Linen* offers no guidance to our analysis here.

¶ 15. In *Sahr*, the Supreme Court of Minnesota concluded that dismissal of the original complaint constituted an acquittal. *Id.*, 812 N.W.2d at 92. The court in *Sahr*, however, did not address whether a new

complaint with a different charge always violates double jeopardy. *See id.* Rather, the court in *Sahr* addressed, along with other procedural issues, the narrower issue of whether a subsequent charge of a lessor included offense violated double jeopardy. *See id.* at 92–93. As with *Martin Linen,* therefore, *Sahr* offers no guidance to our analysis in the present case.

¶ 16. Finally, *Sanabria* only discussed whether insufficient evidence of a charge constituted an acquittal of that charge. *Id.,* 437 U.S. at 68–69. *Sanabria* did not address the issue in the present case: whether subsequent prosecution of a different offense violated double jeopardy. As such, *Sanabria* also offers no guidance to our analysis in the present case.

¶ 17. The State charged Berry with possession of a firearm by a felon contrary to Wis. Stat. § 941.29(2)(a). After the circuit court found him guilty, it became known that one element of the charge—that Berry was convicted of a felony—was not true. The circuit court, therefore, vacated that judgment and dismissed the charge with prejudice. Subsequently, the State charged Berry with possession of a firearm as someone who has been adjudicated delinquent contrary to § 941.29(2)(b). This new charge is different in law from the previously dismissed charge. Accordingly, we conclude that the current charge under § 941.29(2)(b) does not violate Berry's constitutional right to be free from double jeopardy.

¶ 18. Both parties spend time discussing whether the circuit court's dismissal, with prejudice, of the felon in possession of a firearm charge in Case No. 2014CF90 constitutes an acquittal. The parties also spend time discussing the issue of continued jeopardy. However, because we conclude that the charges at issue are different in law, and because we conclude

that Berry fails to meet his burden in showing that the legislature intended to preclude cumulative punishments in this instance, these arguments are not relevant to our analysis. As such, we decline to address them. *See Miesen v. DOT*, 226 Wis. 2d 298, 309, 594 N.W.2d 821 (Ct. App. 1999) (we decide cases on the narrowest grounds possible).

¶ 19. For the foregoing reasons, we affirm.

*By the Court.*—Order affirmed.